UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAYER DENT INC., et al.,<br><br>Defendants. | Case No. C25-2366-LK<br><br>ORDER GRANTING EX PARTE MOTION FOR ALTERNATIVE SERVICE |

INTRODUCTION

Plaintiffs Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"), and The Gillette Company LLC ("Gillette" and, together with Amazon, "Plaintiffs") filed an *Ex Parte* Motion for Alternative Service. Dkt. 14. Plaintiffs seek an order authorizing completion of service of process on Defendants Sayer Dent Inc. ("Sayer Dent"), Yi Tong ("Tong"), Red Fano Inc. ("Red Fano"), and Feng Chen ("Chen") (collectively, "Defendants") by email, and on Defendants Sayer Dent and Red Fano (collectively, "Corporate Defendants") via the California Secretary of State and Nevada Secretary of State, respectively. Now, having considered the motion, all documents filed in support, and the balance of the record, the Court herein GRANTS Plaintiffs' motion for the reasons set forth below.

/ / /

## BACKGROUND

This matter involves allegations of trademark infringement and false designation of origin under the Lanham Act, violations of the Washington Consumer Protection Act, and breach of contract associated with the sale of counterfeit products in the Amazon.com store ("Amazon Store"). Dkt. 1. Plaintiffs allege Defendants sold counterfeit products through various Amazon "Selling Accounts." *Id.* Plaintiffs identify Defendant Sayer Dent as a corporation incorporated in California, Defendant Tong as the individual designated as Sayer Dent's sole officer, director, and registered agent, Defendant Red Fano as a corporation incorporated in Nevada, and Defendant Chen as the individual designated as Red Fano's President and sole officer. Dkt. 15, ¶¶4-5, 8-9. They also identify Jiahuang Chen as the individual listed as Red Fano's registered agent. *Id.*, ¶10.

Plaintiffs conducted investigations into the Selling Accounts, including researching information and documents provided to Amazon when Defendants registered their Selling Accounts; researching information in public databases, including corporate registries of the California and Nevada Secretaries of State; analyzing information from a third party, East West Bank, regarding the identities and locations of individuals in control of bank accounts linked to Defendants' Selling Accounts; working with investigators who researched address information obtained from East West Bank; and engaging process servers to undertake attempts to serve Defendants at multiple physical addresses. *See* Dkt. 15, ¶¶2-14. Through these investigations, Plaintiffs determined that Defendants used misleading or fraudulent identifying documents and information in connection with their Selling accounts, and that Defendants Tong and Chen, the individuals who control Defendants Sayer Dent and Red Fano, are likely located in China. *See id.* While the investigations revealed multiple potential addresses associated with Defendants in

both the United States and China, all efforts by process servers to serve Defendants at those addresses failed. *See id*. Those efforts included service attempts at the addresses for Sayer Dent and Red Fano that were provided to Amazon in association with the Selling Accounts, to the Secretaries of State in California and Nevada for corporate filings, and to East West Bank for bank accounts linked to the Selling Accounts. *See id*. Also, while Plaintiffs believe Tong and Chen are located in China, they have not been able to locate current physical addresses for them. *Id*., ¶14.

Plaintiffs now seek an order from the Court granting leave to serve by alternative means. Specifically, they seek leave to serve all of the Defendants via email through the email addresses registered with their Selling Accounts, and to serve the Corporate Defendants via the Secretaries of State in California and Nevada pursuant to Cal. Civ. Proc. Code § 416.10(d) and Nev. R. Civ. P. 4.2(c)(3). They also indicate that, as related to Red Fano, they will mail a copy of the summons, complaint, and an order authorizing alternative service to the last known addresses for Defendant Chen and registered agent Jiahuang Chen.

As related to the request for alternative service via email, Plaintiffs note that the email addresses were used not only to create and conduct business through the associated Selling Accounts, but also to receive communications from Amazon and to log into the accounts, and were the primary means of communications between Amazon and Defendants. Dkt. 16, ¶5. Plaintiffs believe that the email addresses are currently active. Dkt. 15, ¶15. They observe that, on April 13, 2026, they directed that test emails be sent to Defendants via the relevant email addresses identified for those Defendants; that the emails apprised Defendants of the lawsuit and contained courtesy copies of the Complaint, civil cover sheet, and summonses; and that they did not receive any error notices, bounce back messages, or other indications that the emails failed to

deliver. *Id*. They also note that, according to Amazon's records, those responsible for the Selling Accounts last accessed Amazon's "Seller Central" using their registered email addresses on May 13, 2025. Dkt. 16, ¶6. Plaintiffs seek to serve Defendants using RPost (www.rpost.com), an online service for service of process. Dkt. 15, ¶16.

DISCUSSION

Federal Rule of Civil Procedure 4 governs service of process. As related to this case, Rule 4(f) addresses service on an individual in a foreign country, while Rule 4(h) addresses service on a corporation. In addition, "a method of service of process must also comport with constitutional notions of due process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

A. Service on the Individual Defendants

The Court considers service on individual Defendants Tong and Chen under Rule 4(f). Rule 4(f) permits service on individuals in foreign countries by: (1) "internationally agreed means of service . . . reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (hereinafter "Hague Convention"); (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

In this case, Plaintiffs assert their inability to locate physical addresses for Defendants and that their investigation and discovery efforts narrowed the likely locations of Tong and Chen to China. China is a signatory to the Hague Convention. *See* Status Table, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited August 7, 2026). However, the Hague Convention expressly "shall not apply where

the address of the person to be served with the document is not known." Hague Convention, T.I.A.S. No. 6638 (Feb. 10, 1969), 20 U.S.T. 361, 1969 WL 97765. Because Plaintiffs have been unable to locate a physical address for Tong or Chen, the Hague Convention does not apply in the first instance and therefore does not prohibit alternative methods of service. *See Amazon.com, Inc. v. KexleWaterFilters*, No. C22-1120-JLR, 2023 WL 2017002, at *3 (W.D. Wash. Feb. 15, 2023).

If the Hague Convention does not apply, a party may turn to a method of service provided for under Rule 4(f)(2) or pursue "other means" as authorized by the court under Rule 4(f)(3). *See Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 168 (2d Cir. 2025) (concluding that, where the Hague Convention applies, email service on Chinese defendants is prohibited "and thus improper under Rule 4(f)(3)[,]" but that "[b]oth the Rule 4(f)(2) and 4(f)(3) paths are open when, as set forth in Article 1 of the [Hague] Convention, 'the address of the person to be served with the document is not known' because in those circumstances the Convention does not apply.'").[1] The Court, as such, herein considers Plaintiffs' request for an order authorizing alternative service by email under Rule 4(f)(3). *See* Dkt. 14 at 5-6.

Rule 4(f)(3) provides for service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). As long as the method of service is "court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Rio Props., Inc.*, 284 F.3d at 1014 (citations omitted). "[S]ervice under Rule 4(f)(3) is neither a

[1] Like the Second Circuit, this Court has concluded that, where the Hague Convention does apply, it prohibits service by email on defendants in China. *See, e.g., Lojek v. Henan Ocean Power Housewares Co.*, 818 F. Supp. 3d 1245, 1251-53 (W.D. Wash. 2026).

'last resort' nor 'extraordinary relief[]'"; rather, "[i]t is merely one means among several which enables service of process on an international defendant." *Id.* at 1015. To obtain a court order under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." *Id.* at 1016. Whether to authorize alternative service under Rule 4(f)(3) is committed "to the sound discretion of the district court[.]" *Id.*

The Court finds alternative service by email under Rule 4(f)(3) warranted. First, as discussed above, the Hague Convention does not apply and therefore does not prohibit service by email under Rule 4(f)(3). *See, e.g., Foxmind Canada Enters. Ltd. v. APROAT*, No. C25-5837, 2026 WL 412645, at *1-3 (S.D.N.Y. Feb. 13, 2026) (considering *Smart Study Co., Ltd.*, 164 F.4th 164, and authorizing service by email on Chinese defendants whose addresses were not known); *EE Holding Grp. LLC v. Anqing Shie Wangluo Keji Zhongxin*, No. C23-3770, 2026 WL 880301, at *1-2 (N.D. Ga. Feb. 6, 2026) (same). Second, service by email is a method of alternative service authorized under Rule 4(f)(3). *See Rio Props.*, 284 F.3d at 1016. And, as Plaintiffs observe, courts in the Ninth Circuit, including this Court, authorize alternative service by email on Chinese defendants where the Hague Convention does not apply because the defendant's physical address is unknown. *See, e.g., Amazon.com, Inc. v. Pengyu Bldg. Materials*, No. C21-0358-JNW-SKV, 2023 WL 4131609, at *2 (W.D. Wash. June 22, 2023); *Amazon.com, Inc. v. Chen*, No. C21-1456-BJR-SKV, 2023 WL 7017077, at *2 (W.D. Wash. Oct. 25, 2023); *Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No. C21-766-RSM, 2021 WL 4307067, at *1 (W.D. Wash. Sept. 22, 2021). Finally, Plaintiffs here demonstrate the need for the Court's intervention by showing their inability to locate addresses for Defendants Tong and Chen despite their diligent efforts to do so. Plaintiffs, for these reasons, show that an Order permitting service by email comports with Rule 4(f).

B. Service on the Corporate Defendants

Pursuant to Rule 4(h), corporations may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A). The Court, as such, herein considers Plaintiffs' request to serve Defendant Sayer Dent under California law and Defendant Red Fano under Nevada law.

Under California law, a California corporation may be served via the California Secretary of State pursuant to a court order if the registered agent "cannot with reasonable diligence be found at the address designated for personally delivering the process" and "it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand[.]" Cal. Corp. Code § 1702(a); *see* Cal. Civ. Proc. Code § 416.10(d) (authorizing service on a corporation pursuant to § 1702(a)). "A motion for an order to serve a corporation pursuant to California Corporations Code § 1702(a) requires an affidavit stating that the corporation cannot be served with reasonable diligence." *Infineon Techs. Americas Corp. v. Avante Bus. Euro*, No. C25-5526, 2026 WL 1204707, at *4 (C.D. Cal. Apr. 30, 2026) (citing Cal. Corp. Code § 1702(a)).

Under Nevada law, if service cannot be made on the registered agent, officers, or directors of a corporate defendant, a plaintiff may seek leave of court to serve the Nevada Secretary of State in the corporation's stead by filing an affidavit (1) setting forth facts demonstrating its good faith attempts to locate and serve the defendant, (2) explaining the reasons why service could not be made, and (3) stating the last-known address of the defendant, if any. Nev. R. Civ. P. 4.2(c)(3)(A)(i)-(iii). "Upon court approval, service may be made by:

"(i) delivering a copy of the summons and complaint to the Nevada Secretary of State or his or her deputy; and (ii) posting a copy of the summons and complaint in the office of the clerk of the court in which such action is brought or pending." Nev. R. Civ. P. 4.2(c)(3)(B)(i)-(ii); *accord* Nev. Rev. Stat. Ann. § 14.030. The plaintiff must also mail a copy of the summons and complaint to the last known address of a corporate defendant's registered agent, officer, or director. Nev. R. Civ. P. 4.2(c)(3)(C).

Plaintiffs here show that they have exercised reasonable diligence and made good faith efforts in attempting to locate and serve the Corporate Defendants at the identified addresses of their registered agents, officers, and/or directors, and that they have been unable to serve the Corporate Defendants despite their diligence and efforts. *See* Dkt. 15, ¶¶2, 4-13. The Court, as such, finds Plaintiffs' request for a court order authorizing them to serve the Corporate Defendants via the Secretaries of State in California and Nevada pursuant to Cal. Civ. Proc. Code § 416.10(d) and Nev. R. Civ. P. 4.2(c)(3) warranted. As required under Nevada law, Plaintiffs must also post a copy of the summons and complaint in the office of the Clerk of this Court, and mail a copy of the summons and complaint to the last known addresses for Defendant Chen and registered agent Jiahuang Chen. *See* Nev. R. Civ. P. 4.2(c)(3)(B)(ii), (C); *see also E.B. v. Kimi Crush Ltd.*, No. C26-5216-MLP, 2026 WL 2164478, at *2-3 (W.D. Wash. July 28, 2026) (ordering plaintiff to provide the Court's Clerk with a copy of the summons and complaint and directing the Clerk to post them in a publicly viewable area for three days).

C. Due Process

The Court must also determine whether the requested service of process on Defendants would comport with due process. To satisfy the due process requirement, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props., Inc.*, 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Plaintiffs here show that Defendants registered email addresses with Amazon in order to create Selling Accounts, access Amazon's "Seller Central," and conduct business. *See* Dkt. 16. Plaintiffs also show that the addresses served as the primary means of communication between Amazon and Defendants, and that the addresses remain active, as demonstrated by test emails sent successfully and with no indication of a failure to deliver. *See* Dkts. 15-16.

As found by the Ninth Circuit, the decision to allow service by email lies within the district court's discretion where the defendant has "structured its business such that it could be contacted *only* via its email address" and "designated its email address as its preferred contact information." *Rio Props., Inc.*, 284 F.3d at 1018 (emphasis in original). The situation here is somewhat less clear because Amazon blocked the Selling Accounts at issue. *See* Dkt. 1, ¶45. As a result, Defendants no longer conduct business with Amazon through the accounts. Plaintiffs have, however, verified that the email addresses used to register and otherwise associated with the Selling Accounts remain active. *See* Dkt. 15, ¶15.

This Court has concluded that the due process requirement for alternative service by email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages." *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR, 2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023). The Court has, accordingly, authorized service by email where plaintiffs identified email addresses defendants used for Amazon Selling Accounts and verified the addresses remained active, finding sufficient indicia that the defendants were likely to receive notice if served by email and due process concerns satisfied.

*See, e.g.*, *Amazon.com, Inc. v. Liu*, C23-1375-RSL-SKV, 2024 WL 2959527, at *3-4 (W.D. Wash. June 12, 2024); *Amazon.com, Inc. v. Pengyu Bldg. Materials*, No. C21-0358-JNW-SKV, 2023 WL 4131609, at *3-4 (W.D. Wash. June 22, 2023); *Amazon.com Inc. v. Bamb Awns*, No. C22-402-MLP, 2023 WL 2837076, at *3 (W.D. Wash. Apr. 7, 2023); *accord Bright Sols. for Dyslexia, Inc. v. Lee*, C15-1618, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (finding service by email proper "because Defendants structured their counterfeit business such that they could only be contacted by email[,]" the court authorized service by email, and the emails sent did not bounce back as undeliverable), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).

Plaintiffs demonstrate that any physical addresses obtained in relation to Defendants were incorrect or otherwise inadequate for service. They also demonstrate that the email addresses used by Defendants to register their Selling Accounts, serving as the primary means of communication with Amazon, and used to conduct business in the Amazon Store remain active. Together, these circumstances provide sufficient indicia that Defendants are likely to receive notice if served by email. The Court therefore finds service through email is reasonably calculated to apprise Defendants of this action and provide an opportunity to respond, and thus satisfies concerns of due process.

The Court likewise finds that service via the Secretaries of State in California and Nevada pursuant to Cal. Civ. Proc. Code § 416.10(d) and Nev. R. Civ. P. 4.2(c)(3) is reasonably calculated to provide actual notice. Plaintiffs demonstrate that this method of service comports with California and Nevada law given their diligence and good faith efforts to find and attempt to serve the Corporate Defendants. Because Plaintiffs show that the Corporate Defendants cannot be served with reasonable diligence via their registered agents or by other means, service via the

California and Nevada Secretaries of State is appropriate. *See, e.g., Amazon.com, Inc. v. Armycamo USA, Inc.*, No. C24-0394-JLR, 2024 WL 4751377, at *3 (W.D. Wash. Oct. 9, 2024) (finding same with respect to California entity defendants); *see also E.B.*, 2026 WL 2164478, at *2 (noting prior order providing for service on a Nevada corporate defendant via the Nevada Secretary of State and through email).

## CONCLUSION

The Court, for the reasons stated above, GRANTS Plaintiffs' *Ex Parte* Motion for Alternative Service. Dkt. 14. Plaintiffs are authorized to serve Defendants as follows:

(1) Defendant Feng Chen through the email address: kingurusinc@gmail.com;

(2) Defendant Yi Tong through the email address: dentsay173@gmail.com;

(3) Defendant Sayer Dent Inc. via the California Secretary of State; and

(4) Defendant Red Fano Inc. via the Nevada Secretary of State, by posting a copy of the summons and complaint in the office of the Clerk of this Court, and by mailing a copy of the summons and complaint to the last known addresses for Defendant Feng Chen and registered agent Jiahuang Chen.

Plaintiffs are ORDERED to complete service and file proof of service by **September 9, 2026**.

Dated this 11th day of August, 2026.

S. KATE VAUGHAN
United States Magistrate Judge